**Fernando YATES, Plaintiff-Appellant,**

v.

**WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, Defendant-Appellee.**

No. 17-16776

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 28, 2017

Fernando Yates, Pro Se

Timothy P. Murphy, James H. Ly, Edrington, Schirmer, & Murphy LLP, Pleasant Hill, CA, for Defendant-Appellee

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM ***

Fernando Yates appeals pro se from the district court's summary judgment in his

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

employment action alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Yates' disability discrimination claim because Yates failed to raise a genuine dispute of material fact as to whether his hearing loss constituted a disability. *See id.* at 1231 (discussing definition of "disability" under the ADA, including being "regarded as" having a disability); *see also Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir. 2007) (explaining that in order to show that plaintiff is "regarded as" having a disability, the plaintiff "must show that [his] employer regards [him] as substantially limited in a major life activity and not just unable to meet a particular job performance standard").

The district court properly granted summary judgment on Yates' retaliation claim because Yates failed to raise a genuine dispute of material fact as to whether his employer's legitimate, non-retaliatory reasons for its actions were pretextual. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187-88 (9th Cir. 2003) (explaining application of burden-shifting analysis to ADA retaliation claims and requirements for establishing pretext).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We reject as without merit Yates' contention regarding the district court's alleged bias.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.